10136                                    •

MORGAN v. SPRINGSTEIN MILLS.

(97 S. E. 825.)

MASTER AND SERVANT — INJURIES TO SERVANTS — ASSUMPTION OF RISK— INCOMPETENT FELLOW SERVANTS. — An employee who consented to work at a machine with a fellow employee whom he knew to be "a crazy man," but whom he had himself suggested as a helper, and was injured by the fellow servant starting the machine maturely, assumed the risk; the danger being obvious.

Before PRINCE, J., Spring term, 1918.   Reversed.

Action by A. T. Morgan against the Springstein Mills. Judgment for plaintiff, and defendant appeals.

Statement by Appellant: The plaintiff concedes that the injury was caused solely by the act of a fellow servant (ff. 81, 82), but contends that the appellant negligently failed to furnish a competent fellow servant.   The appellant contends that there is no evidence that it was negligent in employing the fellow servant, no evidence that the fellow servant was incompetent and that under all the testimony the only inference or conclusion to be drawn from the testimony is that the plaintiff knew of the alleged incompetency of his fellow servant, and waived his right to hold the master liable by continuing in the employment of the master after such knowledge, and assumed the risk, after full knowledge.

The answer also set up the defense of contributory negligence (f. 18), as well as the defenses of fellow servant and assumption of risk (ff. 13-18).   The Circuit Judge charged the jury there was no evidence of wilfulness and no proof of punitive damages (ff. 154-156).   The plaintiff was clearly guilty of contributory negligence, and should have been nonsuited on that ground, there being no proof of wilfulness.

*Messrs. Gaston & Hamilton,* for appellant, submit: *The general rule is that a single act of negligence by a servant does not tend to show that the servant was incompetent; much less is to be regarded evidence that the master knew or ought to have known at the time of the accident that the offending servant was incompetent:* (Tex.) 48 S. W. 570; (Ala.) 39 Sou. 822; (Ill.) 86 N. E. 150; 86 Fed. 433; 26 Cyc. 1297; 2 Thompson on Negligence 1054; 89 S. C. 505. *Long service by the employee tends to show that he was a faithful and careful man:* 96 S. C. 426.   *Evidence of the employee's reputation for incompetency was inadmissible:* 98 S. C. 51; 11 R. C. L. 616.   *Knowledge by master of employee's incompetency must be proven directly and cannot*

*be inferred from evidence showing that the employee was incompetent:* 18 R. C. L., sec. 305, p. 728; (Cal.) 20 L. R. A. (N. S.) 322; 48 L. T. A. 378, note. *The master is not liable for the injury of an employee caused solely by the acts of negligence of a fellow servant, where the master has used due care in the selection of such servant:* 1 McMull. 385; 36 Am. Dec. 268; 18 R. C. L., sec. 194, p. 715; 26 Cyc., p. 1276, and note, p. 1278. *A nonsuit should have been granted:* 87 S. C. 449; 72 S. C. 237; 71 S. C. 53; 70 S. C. 95; 77 S. C. 328; 89 S. C. 15. *Plaintiff assumed risk with full knowledge and cannot recover:* 18 R. C. L., p. 724, sec. 201; 18 R. C. L., p. 639, sec. 135; 104 S. C. 455; 104 S. C. 200; 104 S. C. 405; 102 S. C. 209; 102 S. C. 280.

*Messrs. Marion & Marion,* for respondent, cite: *As to the admission of testimony as to fellow servant's incompetency:* 80 S. E. 52 (N. C.); 70 S. C. 325; 61 S. C. 488; 63 S. C. 569. *The objection of counsel falls short of stating a formal objection and the ground therefor. Trial Judge should not be convicted of error upon insufficient objection:* 89 S. C. 385; 60 S. C. 9; 62 S. C. 546. *No motion was made to strike out testimony complained of, and if the admission was error, it was not prejudicial:* 100 S. C. —; 97 S. C. 148. *Almost the identical testimony had been previously given by same witness without objection, and testimony of a similar character was subsequently introduced by plaintiff without objection, and defendant was permitted to introduce on its behalf testimony of an exactly similar character:* 90 S. C. 366; 91 S. C. 523; 93 S. C. 168; 95 S. C. 9. *The testimony was admissible as the opinion of an expert:* Hick's case (63 S. C.); 59 S. C. 318; 69 S. C. 104; 96 S. C. 371; 2d Elliott Evidence 1036; 74 S. C. 233. *Even if the testimony was not admissible as the opinion of an expert, the witness had the right to express his opinion upon stating the facts upon which the opinion was based, and the trial Judge had discretion in determining whether the testimony was admissible, and his ruling should not be disturbed unless it is clearly erroneous*

*and prejudicial:* 90 S. C. 271; 57 S. C. 448; 92 S. C. 304; 74
S. E. 886 (N. C.).   *The testimony as to Parker's reputa-
tion was clearly competent:* Wigmore on Evidence, sec.
1621 (7); 89 S. C. 22.   *Appellant cannot now complain of
the admission of Robinson's testimony—no objection having
been made at the time:* 90 S. C. 470; 93 S. C. 397.   *Again,
appellant's objection is untenable, because the testimony was
favorable to it:* 91 S. C. 507; 97 S. C. 278.   *If Parker was
incompetent no notice to the master of such incompetency
was necessary to raise the inference of incompetency:* 63
S. C. 559; 89 S. C. 21.  · *As to assumption of risk:* Labatt
(1st Ed.), sec. 279a; 102 S. C. 409; 107 S. C. 99; 81 S. C.
524; 66 S. C. 208; 26 Cyc. 1185; Labatt, sec. 354; 86 S. C.
235; 18 S. C. 180; 84 S. C. 287; 55 S. C. 100; 72 S. C. 102.

January 27, 1919.

The opinion of the Court was delivered by MR. JUSTICE
FRASER.

This is an action for damages for personal injuries.   The
only question that needs consideration is the question of
assumption of risk.

At the close of the plaintiff's case the defendant made a
motion for a nonsuit.   The motion was refused and a motion
was made to direct a verdict at the close of all the testi-
mony.   This also was refused.·  The motion for a nonsuit
should have been granted.

The plaintiff testified that he was employed as a "smash
hand" by the defendant mills.   That he had been working
for the mills for some twenty-five years.   That "the boss
weaver came to me that morning and told me that the hand
that had been helping me had ran away, and he asked me if
I knew anybody he could get, or anybody that had worked
on it before.   I studied a little bit and told him that this
man, Parker, had worked on it awhile before, but that he
was a crazy man."

Parker had been working in the mill for years. Parker and the plaintiff went to work at a machine, and plaintiff charges that Parker started the machine while the plaintiff had his hand in the machine, and the plaintiff was injured. It was conceded that Parker was a fellow servant. The negligence alleged was in employing an incompetent fellow servant. The plaintiff further testified: "I did not tell Mr. Branson (the boss weaver) I did not want to work with Parker and I had been working with Parker two months, before I got hurt." Again: "Q. Mr. Morgan, while he was working there, did you realize the danger of working there with him? A. No, sir; I did not until after I got hurt, and then I thought over it, and I thought it was a wonder he had not hurt me before he did."

On this question we must accept the plaintiff's testimony as true. The plaintiff shows that he, himself, had suggested this fellow servant. That he knew the danger, made no protest and after the accident, he wondered that he had not thought of the danger before. That his amazement at his own want of caution was based upon what he knew before the accident. The plaintiff's case depends on obvious risk. So obvious that it was negligence of the master not to know it. *Baldwin v. Piedmont Manufacturing Co.*, 102 S. C. 409.

"The master is not liable for obvious risks caused by his negligence or those of which the servant knew. The servant assumes those risks."

The plaintiff knew the fact from which the danger arose. He was an experienced man. A servant cannot shut his eyes to an obvious danger, make no protest and hold the master. He assumes the risk. Assumption of risk is an affirmative defense, it is true, but when the facts are admitted, it is a question of law.

Judgment is reversed and a nonsuit ordered.